1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  ROCHELLE C. EAST
   Senior Assistant Attorney General
4  THOMAS S. PATTERSON
   Supervising Deputy Attorney General
5  TRACE O. MAIORINO, State Bar No. 179749
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone:  (415) 703-5975
     Fax:  (415) 703-5843
8    Email:  Trace.Maiorino@doj.ca.gov

9  Attorneys for Defendants Ponder and Evans

10

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                    SAN FRANCISCO DIVISION

14

15  | DION ANDERSON, | C 06-5891 MHP (pr) |
    | | |
16  | Plaintiff, | **STIPULATION AND** |
    | | ~~[PROPOSED]~~ **ORDER OF** |
17  | v. | **DISMISSAL** |
    | | |
18  | M. S. EVANS, et al., | |
    | | |
19  | Defendant. | |

20      Following a mediation with the Honorable Magistrate Judge Nandor Vadas, Defendants

21  Ponder and Evans and Plaintiff Dion Anderson (collectively "the parties") agree as follows:

22      A.   Plaintiff is a state prisoner incarcerated at Salinas Valley State Prison (Salinas Valley),

23           Soledad, California.  Plaintiff contends that he was not allowed to assemble with other

24           members of his religion in violation of his constitutional rights.  On September 26,

25           2006, Plaintiff filed his complaint under 42 U.S.C. § 1983, in which he alleged that he

26           had been denied his right to attend religious services in violation of his First

27           Amendment rights.  The Court issued an Order of Service on March 29, 2007, finding

28           that Plaintiff had stated cognizable claims against Defendants.  The Court's order

Stip. & [Prop.] Order Dismissal                         *D. Anderson v. M.S. Evans, et al.*
                                                        C 06-5891 MHP (pr)

1    found that Plaintiff's allegation that he had been denied religious services as a member

2    of the House of Yahweh had stated cognizable claims for violation of First

3    Amendment rights and may also constitute a violation of the Religious Land Use and

4    Institutionalized Persons Act (RLUIPA).

5    C.    On October 22, 2007, Defendants filed a motion for summary judgement against

6    Plaintiff.  The Court issued its order granting Defendants' motion pertaining to

7    Plaintiff's allegations that his First Amendment rights had been violated, but denying

8    Defendants' motion pertaining to Plaintiff's claim for injunctive relief under RLUIPA.

9    Thus, Plaintiff's remaining claim was his claim for injunctive relief under RLUIPA.

10   D.    Plaintiff's claim was based on his contention that he was not allowed to attend the

11   House of Yahweh group worship services.  Plaintiff contends that he has not been

12   allowed to attend the House of Yahweh services because they are scheduled during his

13   current job assignment as a member of the yard maintenance crew.

14   E.    The Court referred this matter to Magistrate Judge Vadas for mediation.

15   F.    Defendants, employees at Salinas Valley, and Plaintiff mediated this matter before

16   Magistrate Judge Vadas on September 3, 2008 at Salinas Valley State Prison, Soledad,

17   California and reached a full and final settlement of this action.  The parties wish to

18   fully resolve all matters that were or could have been asserted in this action.  Therefore,

19   they now enter into this stipulation to fully settle and discharge all claims that are, or

20   might have been, the subject matter of the action, upon the terms and conditions set

21   forth below.

22   IN ACCORDANCE WITH MATTERS DISCUSSED BY MAGISTRATE JUDGE

23   VADAS AND THE PARTIES AT THE SEPTEMBER 3, 2008 MEDIATION, THE PARTIES

24   STIPULATE AS FOLLOWS:

25   1.    Plaintiff agrees to the voluntary dismissal with prejudice of the above-captioned action

26   under Federal Rule of Civil Procedure 41(a).

27   2.    In consideration for a release of all claims and a stipulation of dismissal in this action,

28   Defendants agree to the following: The California Code of Regulations provides that

Stip. & [Prop.] Order Dismissal

*D. Anderson v. M.S. Evans, et al.*
C 06-5891 MHP (pr)

1    prisons shall make every reasonable effort to provide for the religious and spiritual

2    welfare of all interested inmates by affording inmates reasonable accommodations to

3    attend a scheduled religious service if they are unable to do so because of a conflicting

4    work or education assignment.  Cal. Code Regs. tit. 15, § 3210(a).  While at Salinas

5    Valley and under application of the California Code of Regulations, title 15, section

6    3210(a), Plaintiff shall be permitted to attend the House of Yahweh weekly services,

7    despite the fact that the services currently take place during his regularly scheduled

8    work assignment, unless his attendance is precluded by an institutional lockdown,

9    modified program, or institutional emergency.

10   3.   This agreement shall remain in full force and effect as long as Plaintiff retains a work

11        assignment that is not deemed to be "mission critical" or wherein his absence would

12        not lead to a potential breach in security or a disruption in the entire work operation.

13        Plaintiff's current work assignment is the yard maintenance crew.  Plaintiff's current

14        job assignment is not deemed "mission critical."  Moreover, Plaintiff's weekly absence

15        from the yard maintenance crew to attend group services does not create a potential

16        breach in security or prevent the other members of the yard maintenance crew from

17        performing their duties.

18   4.   This agreement is applicable to Salinas Valley and to no other CDCR prison

19        institution, facility, camp, or program.

20   5.   Plaintiff expressly waives and assumes the risk of any and all claims for damages or

21        injunctive relief that exist as of this date, but that he does not know or suspect to exist,

22        whether through ignorance, oversight, error, negligence, or otherwise, and that, if

23        known, would materially affect his decision to enter into this settlement agreement.

24        Plaintiff has read the contents of California Civil Code section 1542, and he expressly

25        waives the benefits of this section.  Section 1542 reads as follows: "A general release

26        does not extend to claims which the creditor does not know or suspect to exist in his or

27        her favor at the time of executing the release, which if known by him or her must have

28        materially affected his or her settlement with the debtor."

Stip. & [Prop.] Order Dismissal                                    *D. Anderson v. M.S. Evans, et al.*
                                                                   C 06-5891 MHP (pr)

3

6.     In consideration of the obligations set forth in paragraph 2, Plaintiff completely releases and forever discharges Defendants, all served and unserved defendants, CDCR, CDCR's agents and employees, Salinas Valley State Prison, and any unnamed defendants, from any and all claims that are the subject of the action as alleged in Plaintiff's complaint or that are based on, related to, or derived from the alleged acts or omissions of Defendant, CDCR, or Salinas Valley State Prison as alleged in Plaintiff's complaint filed in this action.

7.     This agreement does not constitute an admission of liability or any wrongdoing on behalf of any party.

8.     The parties shall bear their own attorneys' fees and costs.

9.     This stipulation shall constitute the entire agreement between the parties arising from the allegations in this action, and the parties expressly understand and agree they have freely and voluntarily entered into this stipulation.  The stipulation may not be altered,

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Stip. & [Prop.] Order Dismissal

*D. Anderson v. M.S. Evans, et al.*
C 06-5891 MHP (pr)

1    amended, modified, or otherwise changed in any respect except by a writing

2         duly executed by the parties to this agreement.

3   IT IS SO STIPULATED.

4

5   Dated: September 3 , 2008        *Dion Anderson*
                                     DION ANDERSON, PLAINTIFF

6

7

8   Dated: September 3 , 2008        *Belinda Hedrick*
                                     BELINDA HEDRICK
9                                    Correctional Administrator, Central Operations
                                     Salinas Valley State Prison
10

11

12  Dated: September 3 , 2008        *Trace O. Maiorino*
                                     TRACE O. MAIORINO
13                                   Deputy Attorney General
                                     Attorneys for Defendants Ponder and Evans
14

15

16                        ORDER

17      IT IS HEREBY ORDERED

18      The parties reached a settlement at the September 3, 2008 mediation with Magistrate Judge

19  Vadas.

20      Based on the resolution reached, this case shall be dismissed with prejudice.

21  IT IS SO ORDERED.

22

23      Dated: 9/5/2008

24  THE HONORABLE                                    TEL
    UNITED                                           JUDGE
25

26                          IT IS SO ORDERED
                            *[signature]*
27                          Judge Marilyn H. Patel

28  Stip. & [Prop.] Order Dismissal                  *D. Anderson v. M.S. Evans, et al.*
                                                     C 06-5891 MHP (pr)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **D. Anderson v. M.S. Evans, et al.**

No.:   **C 06-5891 MHP (pr)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>September 4, 2008</u>, I served the attached

### STIPULATION AND [Proposed] ORDER OF DISMISSAL

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Dion Anderson, P-72476**
**Salinas Valley State Prison**
**P.O. Box 1020**
**Soledad, CA 93960-1020**
*Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on September 4, 2008, at San Francisco, California.

| | |
|---|---|
| T. Oakes | /s/ T. Oakes |
| Declarant | Signature |

20139644.wpd